# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ROSEMARY WOOD LANGELLA,**
**KAREN GOODRICH and JUDITH**
**LUGO,**

      **Plaintiffs,**

**v.**                                                  **Case No:   6:15-cv-1071-Orl-37DAB**

**TRANSCEND SERVICES, INC.,**

      **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR SETTLEMENT (Doc. No. 46)**
>
> **FILED:**       **March 21, 2016**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED WITHOUT PREJUDICE**.

This cause came on for consideration upon referral by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed

settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 116 (1946)).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*.

Based on the parties' Motion for Settlement Approval, Plaintiffs were employed by Defendant as medical transcriptionists. Doc. 46. Plaintiffs asserted that they were not paid overtime or sufficient minimum wage, and Defendant disputed that Plaintiffs worked overtime for which they were not compensated. The parties represent that the $14,500 total settlement to Plaintiffs in the following amounts of unpaid wages are fair and reasonable settlements of the amounts Plaintiffs sought:

| Plaintiff | Employment dates | Wage Claim[1] | Payment: Unpaid wages | Payment: Liquidated damages | General release | Total | Attorney's fees |
|---|---|---|---|---|---|---|---|
| Langella | 11/10-12/12 | $22,230 | $2,483.34 | $2,482.33 | $1 | $5,966.67 | $3,366.67 |
| Goodrich | 7/12-10/12 | $275 | $250 | $249 | $1 | $500 | $500 |
| Lugo | 7/11-10/12 | $4,040 | $1,241.66 | $1,240.67 | $1 | $2,483.33 | $1,683.33 |
|  |  |  |  |  |  | $8,950 | $5,550 |

---

[1] *See* Doc. 31-1 (Answers to Court Interrogatories).

Doc. 46. The parties have agreed that Defendant will pay Plaintiff's attorneys $5,550 in attorney's fees and costs, which is approximately 38% of the total settlement, which Plaintiffs admit was taken on a contingent fee basis. *See* Doc. 31-1 at 3 ¶ 9.  High contingent fees are not appropriate in a FLSA case, where the settlement is to be Court-approved and the attorney's fee is to come from the defendant so as to not unduly decrease the plaintiff's recovery. *Zegers v. Countrywide Mortgage Ventures, LLC,* 569 F.Supp.2d 1259, 1264 n. 5 (M.D.Fla. 2008) (citing *Lynn's Food*, 679 F.2d at 1352-53 and *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 116 (1946)). Counsel have not provided, alternatively, documents in support of a lodestar fee amount.

The parties have included as part of each of the three settlements (containing widely varying total amounts), $1 in each case for a release in the Settlement (Doc. 46-1, 46-2, 46-3 at ¶ 4) which may be overly broad in attempting to incorporate a release for claims other than the FLSA claim in this case, and thus conflict with District Judge Dalton's prior decision in *Bright v. Mental Health Resource Center*, which held "pervasive" releases to be unenforceable. No. 3:10-cv-427, 2012 WL 868804, at *4 (M.D. Fla. Mar. 14, 2012) ("[I]n the typical FLSA case, the indeterminate nature of general releases also prevents the Court from being able to evaluate the claims that have been waived by employees, thereby making a fairness determination difficult if not impossible.") (citing *Moreno v. Regions Bank*, 729 F.Supp.2d 1346, 1351-52 (M.D. Fla. 2010) (finding general release of "all claims" contained in settlement of compromised FLSA claim was a "side deal" which employer extracted in exchange for money that was unconditionally owed to the employee)). Judge Dalton has allowed the parties to clarify whether they will omit a general release from the settlement agreement. *Id.*  However, in this case, where two of the Plaintiffs have clearly compromised their claims, the attorney's fee appears to be a contingency fee, and the settlements contain a broad release in addition to FLSA claims for "retaliation of any kind," and "contract" claims, and "any other

- 3 -

claims that may have arising under any federal, state, or local law or regulation related to unpaid wages," it is respectfully **RECOMMENDED** that the settlement be **DENIED** without prejudice.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on April 7, 2016.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy